# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BOOKLAB, INC. | § | |
| | § | |
| V. | § | A-07-CA-536 LY |
| | § | |
| CRAIG JENSEN, D/B/A BOOKLAB II | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion for Final Summary Judgment and Brief in Support, filed on January 2, 2009 (Clerk's Doc. No. 33), and Plaintiff Booklab, Inc.'s Response to Defendant Craig Jensen's No Evidence Summary Judgment and Booklab, Inc.'s Motion to Strike Jensen's Exhibits as Hearsay, filed on January 12, 2009 (Clerk's Doc. No. 37).

On February 23, 2009, the District Judge referred the foregoing to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After reviewing the parties' briefs, relevant law, as well as the entire case file, the undersigned issues the following Report and Recommendation.

## I. BACKGROUND

The facts giving rise to this litigation can be summarized as follows. At some point prior to 1998, Defendant Craig Jensen and at least one other individual operated a company called Booklab, Inc. The owners of the original Booklab agreed to discontinue business operations sometime in 1998. According to Defendant, Jensen began operating a separate entity called "Booklab II" as early

as March 7, 2003, and he claims that he has continued to operate under this name from 2003 to the present.

On or about March 23, 2005, Jensen, who originally owned and maintained the domain name www.BOOKLAB.com, sold to Plaintiff all right, title, and interest in the domain name for the sum of $2,065.00. Jensen alleges that this sale was made because, although Jensen was using the "Booklab II" trademark, he was not using the www.BOOKLAB.com domain name. Jensen further alleges that neither in association with the sale of www.BOOKLAB.com nor at any other time has Jensen sold or made any representations to Plaintiff that he would sell to Plaintiff any rights to Jensen's trademark "Booklab."

Plaintiff alleges that Jensen in fact made representations to Plaintiff that Jensen had abandoned all claims to the "Booklab" mark, which is why Plaintiff went on to secure its federally registered trademark following the purchase of www.BOOKLAB.com. Plaintiff asserts that it would not have purchased the "Booklab" domain name nor trademarked the mark "Booklab" just so Jensen could continue to operate as "Booklab II." Plaintiff has sued Jensen for trademark infringement, fraud, and other related causes of action, and Jensen has moved for summary judgment on all of these claims.

## II. ANALYSIS

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue is material if its resolution could affect the outcome of the action." *Commerce and Indus. Ins. Co. v. Grinell Corp.*, 280 F.3d 566, 570 (5th Cir. 2002).

A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, courts must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Furthermore, courts "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

"[T]he nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The nonmovant may not rely on mere allegations in the pleadings. *Id*. Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a proper motion for summary judgment. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Rather, the nonmoving party must set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997).

The standard of review "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by the Court. *Id.* If the nonmoving party fails to make a showing sufficient to establish

the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B.     Evidentiary Objections**

As an initial matter, the Court will address Plaintiff's motion to strike contained it its response to Jensen's motion for summary judgment (Clerk's Doc. No. 37). Plaintiff objects to Jensen's Appendices B through G of Jensen's Motion for Summary Judgment as unsubstantiated hearsay. Plaintiff requests that the Court strike these exhibits and disregard them for the purposes of Defendant's Summary Judgment Motion. These exhibits appear to be hearsay, and Defendant has not responded in any way attempting to show otherwise. Therefore, the Court will SUSTAIN Plaintiff's objections and strike the exhibits from the summary judgment record.

**C.     Jensen's Motion for Summary Judgment**

Jensen moves for summary judgment on Plaintiff's trademark infringement claims by asserting that Plaintiff has no evidence sufficient to allow the trier of fact to find that Plaintiff has developed a protectable trademark right in "Booklab." However, as Plaintiff points out in its response, this is not sufficient to show Jensen is entitled to relief. As the court said in *Marshall Independent School District*:

> Even where the non-moving party has the burden of persuasion on an issue, the summary judgment movant still has the initial burden of showing the absence of a genuine issue of material fact. It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove its case. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record. If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied, and the court need not consider either any evidence submitted by the non-moving party or whether the moving party has met its ultimate burden of persuasion that summary judgment should be granted in its favor.

*Marshall Indep. Sch. Dist. v. U.S. Gypsum Co.*, 790 F. Supp. 1291, 1299–1300 (E.D. Tex. 1992) (citations omitted). Jensen, as the moving party in this case, has not offered anything to satisfy his initial burden of production. Rather, Jensen only makes the conclusory assertion that Plaintiff has no evidence to prove one of the elements of a claim for trademark infringement.[1] *See Seastrunk v. Darwell Integrated Tech.*, No. 3:05-CV-0531, 2008 WL 190316, at *3 (N.D. Tex. Jan. 22, 2008) ("The moving party, while not needing to produce evidence, must at least identify portions of the record that demonstrate an absence of evidence. It is not sufficient to merely list the elements of the claim and state that there is no evidence to support the elements.").

The Court also notes that Jensen makes no argument whatsoever as to why he would be entitled to summary judgment on Plaintiff's fraud claim against him. Plaintiff asserted a fraud claim against Jensen for allegedly misrepresenting his abandonment of "Booklab" when he sold the domain www.BOOKLAB.com. *See* Pl. Original Complaint (Clerk's Doc. No. 1), at 8. Jensen does not even address why he is entitled to summary judgment on this claim. Thus, the Court believes that Defendant's motion for summary judgment should be denied in its entirety.[2]

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the district judge **DENY** Defendant's Motion for Final Summary Judgment (Clerk's Doc. No. 33). Jensen, as moving party

---

[1] Plaintiff also points out that at no time has Jensen requested discovery from Plaintiff and other than his duty to make initial disclosures, Plaintiff is under no obligation to voluntarily provide such information to Jensen.

[2] Jensen's motion also requests cancellation of Plaintiff's Federal Trademark Registration for the "Booklab" mark. However, Jensen failed to properly plead for cancellation or any like remedy as a part of his original answer. *See* Defendant's Answer to Original Complaint (Clerk's Doc. No. 6). Moreover, much like the rest of his motion for summary judgment, Jensen fails to show why he is entitled to this relief as a matter of law. Therefore, the request to cancel Plaintiff's Federal Trademark Registration for the "Booklab" mark should also be denied.

in this case, has offered nothing to satisfy his initial burden of production showing that he is entitled to summary judgment on Plaintiff's trademark infringement claims. Additionally, Jensen has failed to even address why he is entitled to summary judgment on Plaintiff's fraud claim against him.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of May, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE